**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| **GEORGE GREGORY JACKSON,** | **MEMORANDUM DECISION AND ORDER** |
| **Plaintiff,** | |
| **v.** | |
| **STATE OF UTAH, SALT LAKE COUNTY,** | **Case No. 2:08cv485** |
| **Defendants.** | **Magistrate Judge Paul M. Warner** |

Before the court are the following motions:  (1) State of Utah's ("State") motion to

dismiss George Gregory Jackson's ("Plaintiff") complaint ("Original Complaint"),[1] (2) the

State's motion to dismiss Plaintiff's first amended complaint ("First Amended Complaint"),[2] (3)

Salt Lake County's ("County") motion to dismiss Plaintiff's First Amended Complaint,[3] (4)

Plaintiff's motion to amend his Original Complaint,[4] and (5) the County's motion to strike the

proposed second amended complaint ("Proposed Second Amended Complaint").[5]  The court has

carefully reviewed the memoranda submitted by the parties.  Pursuant to civil rule 7-1(f) of the

---

[1] *See* docket no. 4.

[2] *See* docket no. 17.

[3] *See* docket no. 19.

[4] *See* docket no. 22.

[5] *See* docket no. 25.

United States District Court for the District of Utah Rules of Practice, the court elects to determine the motions on the basis of the written memoranda and finds that oral argument would not be helpful or necessary.  *See* DUCivR 7-1(f).

As an initial matter, because Plaintiff is proceeding pro se, the court will "construe his pleadings liberally and hold the pleadings to a less stringent standard than formal pleadings drafted by lawyers." *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996).  However,

> [t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based.  Not every fact must be described in specific detail, . . . and the plaintiff whose factual allegations are close to stating a claim but are missing some important element that may not have occurred to him, should be allowed to amend his complaint . . . .  Nevertheless, conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based.

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Furthermore, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*

## FACTUAL AND PROCEDURAL BACKGROUND

On June 23, 2008, Plaintiff filed the Original Complaint alleging "[c]ivil and [c]onstitutional rights violations" against the State.[6]  Based on the court's understanding of Plaintiff's somewhat convoluted Original Complaint, Plaintiff appears to be asserting that certain unnamed state actors engaged in improper conduct while considering Plaintiff for jury duty in state court.  Plaintiff alleges that the State "used [Plaintiff's] racial and ethnic heritage as part of

---

[6] Docket no. 1, at 1.

the jury selection process."[7]  Plaintiff further alleges that he was unlawfully detained after the jury was chosen.  Plaintiff specifically states that

> [w]hen the court asked if there was any body [sic] that felt they could not perform these services [as a member of the jury] I stood and said I object to the process and could not coconsciously [sic] participate in these activities.  Then the court chose [the] jury and dismissed all others that were not chosen as part of the jury and detained me unlawfully and made me watch the trial.  Judge Fredericks made me "stay and watch" as he said and said [sic] that maybe next time I will participate.[8]

Plaintiff seeks damages "including back pay, expenses, loss and stagnation of time, forward pay, educational knowledge loss, benefits and any attorney fees, photography, investigation, losses and expenses, interest, mental and emotional distress, physical harm, expert witness fees and expenses."[9]

On October 30, 2008, the State filed a motion to dismiss the Original Complaint on the grounds that (1) Plaintiff's claims against it are barred by the Eleventh Amendment and (2) the State is not a "person" for purposes of 42 U.S.C. § 1983.[10]  On December 18, 2008, Plaintiff filed a motion for leave to amend the Original Complaint and to extend the time for responding to the

---

[7] Docket no. 16, at 4-5.

[8] *Id.* at 5.

[9] Docket no. 1, at 8.

[10] *See* docket no. 4.

3

State's motion to dismiss.[11]  The court granted Plaintiff's motion in an order dated January 5, 2009.[12]

On February 3, 2009, Plaintiff filed his First Amended Complaint and added the County as a defendant with respect to the claims set forth against the State in the Original Complaint.[13] Plaintiff also added claims against the County only for unlawful detention and free speech violations that allegedly occurred on a separate occasion when Plaintiff was taking pictures of Salt Lake County Sheriff's Office personnel during a purported drug raid.  Specifically, Plaintiff contends that the following occurred:

> I casually looked outside my window and seen [sic] a man with a mask walk out of a house with what looked like a very large beautiful marijuana plant.  Me being a photojournalist and always having a camera with me it looked like a possible interesting event and I went to check it out.  A tall happy go lucky sheriff in his uniform walked out of the house smiling as if posing with one of the other officers that had a mask and I took a picture of them from the street and they kept acting like they were posing and I thought I should get another better picture so I did.  Then I started to drive off and several others from inside the house started chasing me because I was taking their pictures.  Then on the way out of the neighborhood one of them with really long hair and a pony tail pulled me out of my car and took my camera from me and ejected the film and hand cuffed [me] in my front of the house they were doing the drug raid on and while all this is going on the news media is filming this.  I asked him what he was [d]oing and he said they were upset because I was taking their pictures but on the other side of the same yard the news media was taking pictures too and the officers did not detain them but instead violated my constitutional rights and when I told the officer that the news media is behind you right now taking pictures and to his surprise he turned around and looked and there was the news media setup filming and I asked

---

[11] *See* docket no. 13.

[12] *See* docket no. 15.

[13] *See* docket no. 16.

4

why can[']t I take pictures and then after seeing that media was rolling he later decided to give me back my camera and let me go.[14]

On February 10, 2009, the State filed a motion to dismiss Plaintiff's First Amended Complaint on the same grounds as its motion to dismiss the Original Complaint.[15]  On March 5, 2009, the County also filed a motion to dismiss Plaintiff's First Amended Complaint on the grounds that (1) the alleged unconstitutional actions were not executed pursuant to an official governmental policy or custom, (2) Plaintiff's tort claims are barred by the Governmental Immunity Act of Utah ("GIA"), and (3) Plaintiff's summons was defective.[16]  Plaintiff filed a memorandum in opposition the County's motion to dismiss on March 20, 2009.[17]  Plaintiff did not file a memorandum in opposition to the State's second motion to dismiss, and the time for doing so has passed.

On April 15, 2009, Plaintiff filed a motion entitled, "Plaintiff's Motion to Amend Original Complaint."[18]  The court will treat this motion as a motion for leave to amend the First Amended Complaint rather than a motion for leave to amend the Original Complaint because the court has already permitted Plaintiff leave to amend his Original Complaint and Plaintiff has already filed the First Amended Complaint.

---

[14] *Id.* at 6-7.

[15] *See* docket no. 17.

[16] *See* docket no. 19.

[17] *See* docket no. 21.

[18] Docket no. 22, at 1.

In his motion for leave to amend the First Amended Complaint, Plaintiff asserts that he is seeking to add a "state official acting in his official capacity . . . in order to resolve the 11th Amendment immunity issue"[19] addressed in the State's motions to dismiss.  Plaintiff did not, however, attach his Proposed Second Amended Complaint to the motion or identify the state official he wanted to add as a defendant.  On May 29, 2009, the County filed a motion to strike Plaintiff's Proposed Second Amended Complaint and summons.[20]  Plaintiff apparently served his Proposed Second Amended Complaint and summons on the County without leave of court.  The County attached as an exhibit to its motion a copy of Plaintiff's Proposed Second Amended Complaint.  Plaintiff has not filed a response to the County's motion to strike, and the time for doing so has passed.

## DISCUSSION

### I.  The State's Motion to Dismiss the Original Complaint

The court concludes that the filing of Plaintiff's First Amended Complaint has rendered the State's motion to dismiss the Original Complaint **MOOT**.

### II.  The State's Motion to Dismiss the First Amended Complaint

The State filed a motion to dismiss the First Amended Complaint pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that (1)  Plaintiff's claims against it are barred by the Eleventh Amendment and (2) the State is not a "person" for purposes of 42 U.S.C. § 1983.  *See* Fed. R. Civ. P. 12(b)(6).  Although Plaintiff has not expressly stated he

---

[19] *Id.*

[20] *See* docket no. 26.

6

is suing under 42 U.S.C. § 1983, it is the procedural mechanism for suing for alleged violations of the United States Constitution. *See, e.g.*, *Jojola v. Chavez*, 55 F.3d 488, 492 (10th Cir. 1995).

Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001) (quotations and citation omitted). "Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'" *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Essentially, courts should "'look for plausibility in th[e] complaint.'" *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *Bell Atl. Corp.*, 550 U.S. at 564). With these principles in mind, the court will now address both grounds asserted in the State's motion.

## A.  Eleventh Amendment

First, "[w]ith certain limited exceptions, the Eleventh Amendment prohibits a citizen from filing suit against a state in federal court. To assert Eleventh Amendment immunity, a defendant must qualify as a state or an 'arm' of a state." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002) (citations omitted). Because Plaintiff has filed suit against the State, there is no question that the State is "a state or an 'arm' of a state." *Id.*

As to the limited exceptions noted above, the Tenth Circuit has "recognized two primary circumstances in which a citizen may sue a state without offending Eleventh Amendment immunity. Congress may abrogate a state's Eleventh Amendment immunity. A state may also

7

waive its Eleventh Amendment immunity and consent to be sued." *Id.* at 1181 (citations omitted). Neither exception applies in this matter. First, it is well established that Congress did not terminate the states' Eleventh Amendment immunity when it enacted § 1983. *See Quern v. Jordan*, 440 U.S. 332, 345 (1979); *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1196 (10th Cir. 1998). Second, there is no indication that the State has waived its Eleventh Amendment immunity. *See Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1233 (10th Cir. 1999) ("We have previously held that Utah has not waived its Eleventh Amendment immunity by statute."). Accordingly, the State is immune from suit in this case.

### B.  42 U.S.C. § 1983

In the alternative, the State is not a "person" under 42 U.S.C. § 1983, which provides:

> Every person, who under color of any statute, ordinance, regulation, custom or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. However, "[n]either the state, nor a governmental entity that is an arm of the state for Eleventh Amendment purposes, nor a state official who acts in his or her official capacity, is a 'person' within the meaning of § 1983." *Harris v. Champion*, 51 F.3d 901, 905-06 (10th Cir. 1995); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989). Therefore, because the State is not a "person" within the meaning of 42 U.S.C. § 1983, Plaintiff's claims against the State fail on this alternative ground as well. *See Champion*, 51 F.3d at 905-06.

For the foregoing reasons, the court concludes that Plaintiff's claims against the State are barred by the Eleventh Amendment and that the State is not a "person" under 42 U.S.C. § 1983. Accordingly, the State's motion to dismiss Plaintiff's First Amended Complaint is **GRANTED**.

### III.   The County's Motion to Dismiss Plaintiff's First Amended Complaint

The County asserts that Plaintiff's claims against it should be dismissed under rule 12(b)(6) of the Federal Rules of Civil Procedure because (1) the alleged constitutional violations were not executed pursuant to an official governmental policy or custom, (2) the state law claims for alleged torts are barred by the Governmental Immunity Act of Utah, and (3) Plaintiff's summons was defective because it was not signed by the clerk nor did it bear the court's seal. *See* Fed. R. Civ. P. 12(b)(6).  The court will address each of the County's arguments in turn.

### A.   Constitutional Violations

The United States Supreme Court has held that "[l]ocal governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers."  *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978).  However, "[u]nder Section 1983, municipalities cannot be held liable for the actions of others under the common law principle of *respondeat superior*; they are responsible only for their *own* actions."  *Simmons v. Uintah Health Care Special Dist.*, 506 F.3d 1281, 1284 (10th Cir. 2007).  "When employees take actions specifically authorized by policy or custom, their actions can be fairly said to be the municipality's.  But when they act

9

inconsistently with official policy or custom, though perhaps even still within the scope of employment, that will not suffice." *Id.* Moreover,

> it is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality. The plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the "moving force" behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights.

*Board of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404 (1997).

Therefore, to establish liability, Plaintiff must show (1) the existence of a municipal custom or policy and (2) a direct causal link between the custom or policy and the alleged deprivation of his rights. *See Monell*, 436 U.S. at 691. In his First Amended Complaint, Plaintiff alleged that the County engaged in improper conduct during the jury selection process in state court. Specifically, Plaintiff states that the individuals involved in the jury selection process somehow violated his "[c]ivil and [c]onstitutional rights"[21] by the "profiling of persons involved in the legal proceedings," "profiling in the selection of jury of persons available for jury service," and "[r]acial and ethnic profiling in jury selection."[22] Plaintiff also contends that he was unlawfully detained when "Judge Fredericks made [him] stay and watch" the trial.[23] In addition, Plaintiff alleges that on another occasion the County unlawfully detained him for taking photographs during a purported drug raid.

---

[21] Docket no. 16, at 3.

[22] *Id.* at 2.

[23] *Id.* at 5.

Viewing the First Amended Complaint in a light most favorable to Plaintiff, the court determines that Plaintiff has failed to link the alleged unconstitutional actions to any custom or policy promulgated by the County.  Without this requisite link, Plaintiff's section 1983 claims against the County must be dismissed as a matter of law.

### B.  State Law Claims

Upon review of Plaintiff's First Amended Complaint, it appears that Plaintiff is alleging state law claims against the County for "[i]nvasion of privacy," "[d]efamation of character," and "[p]ersonal injury as the result and interaction of the legal proceedings with malicious intent."[24] While Plaintiff does not explain how the County's actions invaded his privacy, defamed his character, or injured him, the County's alleged tortious actions are protected by the GIA.  *See* Utah Code Ann. §§ 63G-7-101 to -904.  The GIA "governs all claims against governmental entities or against their employees or agents arising out of the performance of the employee's duties, within the scope of employment, or under color of authority." *Id.* § 63G-7-101(2)(b).

Under the GIA "each governmental entity and each employee of a governmental entity are immune from suit for any injury that results from the exercise of a governmental function." *Id.* § 63G-7-201(1).  Therefore, the actions of each governmental entity and each employee of a governmental entity are immune from suit for any injury, unless the immunity is waived under the GIA.  *Id.*  However, the GIA specifically provides that immunity is not waived

> if the injury arises out of, in connection with, or results from . . . (a) the exercise or performance, or the failure to exercise or perform, a discretionary function, whether or not the discretion is abused; (b) assault, battery, false imprisonment,

---

[24] *Id.* at 2.

11

false arrest, malicious prosecution, intentional trespass, abuse of process, libel, slander, deceit, interference with contract rights, infliction of mental anguish, or violation of civil rights.

*Id.* § 63G-7-30l(5)(a), (b).

Even assuming Plaintiff had properly alleged facts supporting his above-mentioned causes of action, Plaintiff's claims fall squarely within the protections of the GIA. Accordingly, the court concludes that Plaintiff's state law claims for alleged torts by the County or its employees are barred under the GIA. As such, Plaintiff's state law claims against the County fail as a matter of law and must be dismissed.

### C. Summons

The County argues that the court may dismiss Plaintiff's First Amended Complaint on the grounds that Plaintiff's summons was defective because it was not signed by the clerk of court and it did not bear the court's seal pursuant to rule 4 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 4 (a)(1). However, it is unnecessary to engage in this analysis because the court has already concluded that the First Amended Complaint must be dismissed for failure to state a claim pursuant to rule 12(b)(6).

Based on the foregoing, Plaintiff's claims against the County fail as a matter of law. Accordingly, the County's motion to dismiss the First Amended Complaint is **GRANTED**.

### IV. Plaintiff's Motion for Leave to Amend the First Amended Complaint

Plaintiff filed a motion for leave to amend the First Amended Complaint pursuant to rule 15(a) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 15(a). As stated above, Plaintiff asserts that he is seeking to add a "state official acting in his official capacity . . . in

order to resolve the 11th Amendment immunity issue"[25] addressed in the State's motions to dismiss. Plaintiff did not attach his Proposed Second Amended Complaint to the motion or identify the state official he wanted to add as a defendant. The court did, however, receive a copy of the Proposed Second Amended Complaint as an exhibit to the County's motion to strike the Proposed Second Amended Complaint.

Under rule 15(a) of the Federal Rules of Civil Procedure, courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir.1993).

In the Proposed Second Amended Complaint, Plaintiff seeks only to add Judge Dennis Frederick in his official capacity as a defendant. However, judges are entitled to absolute immunity from suit unless the judge "acts 'in the clear absence of all jurisdiction.'" *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)). Courts "determine whether a judge performed a 'judicial' act or acted 'in the clear absence of jurisdiction' by looking to 'the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity.'" *Id.* (quoting *Sparkman*, 435 U.S. at 362). Because Plaintiff's complaint contends that Judge Frederick's alleged unconstitutional and/or tortious actions occurred while presiding over a trial, he was performing a judicial act and is therefore

---

[25] Docket no. 22, at 1.

absolutely immune from suit.  Thus, allowing Plaintiff to amend his complaint to add Judge

Frederick would be futile.  *See Frank*, 3 F.3d at 1365.

Based on the foregoing, the court **DENIES** Plaintiff's motion for leave to amend the First

Amended Complaint.

### V.  The County's Motion to Strike

The County moves this court to strike Plaintiff's Proposed Second Amended Complaint.

Because the court has denied Plaintiff's motion for leave to amend the First Amended

Complaint, the County's motion to strike has been rendered **MOOT**.

### <u>CONCLUSION</u>

In summary, **IT IS HEREBY ORDERED** that:

(1)     The State's motion to dismiss the Original Complaint[26] is **MOOT**;

(2)     The State's motion to dismiss Plaintiff's First Amended Complaint[27] is

           **GRANTED**;

(3)     The County's motion to dismiss the First Amended Complaint[28] is **GRANTED**;

(4)      Plaintiff's motion for leave to amend the First Amended Complaint[29] is

           **DENIED**; and

---

[26] *See* docket no. 4.

[27] *See* docket no. 17.

[28] *See* docket no. 19.

[29] *See* docket no. 22.

14

(5)     The County's motion to strike[30] is **MOOT**.

Because this case has been dismissed in its entirety, the clerk of the court is directed to

enter judgment in favor of Defendants.

**IT IS SO ORDERED.**

DATED this 28th day of September, 2009.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge

---

[30] *See* docket no. 25.